IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLENN H. OLAY,

Plaintiff

vs.

MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION,

Defendants

Civil Action No. 04-266E

Judge Maurice B. Cohill, Jr.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION**

AND NOW COMES the plaintiff, Glenn H. Olay, by his attorneys, Jubelirer, Pass & Intrieri, P.C., and Robert A. Eberle, Esquire, and Jason Mettley, Esquire, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and serves the First Set of Interrogatories upon defendant, Retirement Plan for Bargaining Unit Employees of Motion Control Industries, Division of Carlisle Corporation (hereinafter referred to as the "Retirement Plan"). The Retirement Plan is required to answer the following Interrogatories separately and fully in writing, under oath, and to serve said answers upon the undersigned counsel within thirty (30) days after service hereof.

**Definitions**

A. "Documents" or "document" whenever used herein shall mean all written, typed, printed, recorded, photographic or graphic matters of every type and description, however, and

EXHIBIT A

by whomever prepared, produced, reproduced, disseminated, or made, in any form, now or formerly in the possession, custody or control of the Retirement Plan or their attorneys including, but not limited to, letters, correspondence, memoranda, records, minutes of all types of meetings, agreements, guarantees, results of investigations, bulletins, appraisals, recommendations, critiques, notices, diaries, messages, instructions, work assignments, notebooks, telephone records, tape recordings, and any other writings or recordings.

B. "Identify" when used with respect to a person shall mean to state the full name and present or last known residence or business address of such person and his or her present or last known job title, including the name and address of his or her present or last known employer.

C. "Identify" when used with respect to a document shall mean to describe the document by date, subject matter, type (e.g., letter, memorandum, etc.), the name of each person who wrote, signed, initialed, dictated or otherwise participated in the preparation of same, the name and address of each addressee (if any) and the name and address of each person who has possession, custody or control, if other than defendant or their attorneys.

D. When asked to provide a date of an event or occurrence, the Retirement Plan should specify the exact date, if known, or otherwise provide their best approximation.

E. The "Retirement Plan" when used shall mean Retirement Plan for Bargaining Unit Employees of Motion Control Industries, Division of Carlisle Corporation, its officers, agents, officials, employees, representatives and attorneys.

F. Unless otherwise indicated, the Interrogatories refer to the time period on or after the inception of the Retirement Plan.

## Continuing Nature of Interrogatories

These Interrogatories shall be continuing in nature, and the Retirement Plan is required to supplement their response if information that is unavailable to them at the time of the responses called for becomes available to them or to their attorneys at any later date prior to the conclusion of the proceedings herein.

## Interrogatories

1. How many times since the inception of the Retirement Plan has the Retirement Plan awarded a disability pension to an individual whose service in the Retirement Plan was based in full or part on the individual's employment at the Ridgeway, Pennsylvania, facility of defendant, Motion Control Industries, Division of Carlisle Corporation?

**ANSWER:**

2. For each instance where an individual received a disability pension in the circumstances covered by Interrogatory No. 1 above, please state the employment status of the individual at the Ridgeway, Pennsylvania, facility of defendant, Motion Control, at the time the disability arose (i.e., active employee, laid off, terminated, etc.).

**ANSWER:**

3. Has the Retirement Plan ever approved a disability pension for an individual whose service in the Retirement Plan was based in full or part on the individual's employment at the Ridgeway, Pennsylvania, facility of defendant, Motion Control, where the disability arose while the individual was:

A. Temporarily laid off from the Ridgeway, Pennsylvania, facility of defendant, Motion Control;

B. Permanently laid off from the Ridgeway, Pennsylvania, facility of defendant, Motion Control;

C. Not actively working at the Ridgeway, Pennsylvania, facility of defendant, Motion Control, and receiving workers' compensation benefits; or

D. Not actively working at the Ridgeway, Pennsylvania, facility of defendant, Motion Control, and in some other employment status?

**ANSWER:**

4. If the answer to the preceding Interrogatory is yes for any individual, please provide an explanation of the circumstances regarding, and the basis for, the Retirement Plan's approval of the disability pension claim in each instance.

**ANSWER:**

5. Was Brad Nortum awarded a disability pension by the Retirement Plan at a time when he was not actively working at the Ridgeway, Pennsylvania, facility of defendant, Motion Control? If so, please provide details regarding his employment status at the time his disability arose and the basis for the Retirement Plan's decision to approve benefits (in terms of his eligibility based on employment status and not in reference to the medical aspect of his claim).

**ANSWER:**

JUBELIRER, PASS & INTRIERI, P.C.

BY: ______________________
Robert A. Eberle, Esquire
Pa. I.D. #47359

BY: ______________________
Jason Mettley, Esquire
Pa. I.D. 81966

219 Fort Pitt Boulevard
Pittsburgh, PA 15222
412-281-3850
412-281-1985 (fax)
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within Plaintiff's First Set of Interrogatories to Defendant, Retirement Plan for Bargaining Unit Employees of Motion Control Industries, Division of Carlisle Corporation, was served upon counsel for defendants this 15th day of July, 2005, by First Class U.S. Mail, postage prepaid, addressed as follows:

Richard A. Lanzillo, Esquire
Knox, McLaughlin, Gornall & Sennett, P.C.
120 W. 10th Street
Erie, Pennsylvania 16501

Robert A. Eberle, Esquire

DATED: July 15, 2005