IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN H. OLAY, | ) <br> ) |
| Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-266E <br> ) <br> ) <br> ) |
| Defendants | ) |

## DEFENDANTS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendants, Motion Control Industries, Division of Carlisle Corporation, and Retirement Plan for Bargaining Unit Employees of Motion Control Industries, through its counsel, Knox McLaughlin Gornall & Sennett, P.C., serves the following Interrogatories and Request for Production of Documents upon plaintiff, Glenn H. Olay, requiring answers to the interrogatories under oath and responses to the request for production of documents in the spaces provided herein within thirty (30) days after service in accordance with F.R.C.P. 33 and 34.

EXHIBIT D

## DEFINITIONS AND INSTRUCTIONS

1. "You," "your," and "plaintiff" refer to plaintiff, Glenn H. Olay, and all agents, employees, attorneys, accountants, representatives of Glenn H. Olay and any other person acting for or on behalf of plaintiff, Glenn H. Olay.

2. This definition will be the "Plan" which refers to the Retirement Plan for Bargaining Unit Employees of Motion Control Industries, Division of Carlisle Corporation.

3. "Document" means any kind of printed, recorded, written, graphic, transcribed, punched, tapes, filmed, or photographic matter (including tape recordings), however printed, produced, reproduced, coated, or stored, of any kind of description, which plaintiff has or has had access to, whether sent or received or not, including originals, copies or reproductions, summaries, reports, data compilations, and data tabulations, whether stored by mechanical, photographic, or electronic means (including data processing of all types), and copies of documents that are not identical duplicates of the originals (e.g. because hand written or "blind" notes appear thereon or are attached thereto) regardless of origin or location and whether or not the originals are in plaintiff's possession, custody or control.

4. "Person" or "persons" means any natural person, individual, firm, cooperative, partnership, association, joint venture, government agency, or other organization, or legal or business entity, including, without limitation, any party to this litigation, and referenced to any person throughout these interrogatories should be understood as including such person's agents, officers, employees, representatives, contractors, subcontractors, and attorneys.

5. "Identify" or "identity" when used in relation to a natural person or individual, calls for the name, present business and residential addresses, present business and residential telephone numbers, occupation, title or position, and employer of such person.

6. When used in relation to a corporation, partnership, joint venture, subsidiary, affiliate, or other business organization or entity, the terms "identify" or "identity" call for the names and addresses of such corporation, partnership, joint venture, subsidiary, affiliate or other business organization or entity.

7. When used in the case of a document, the term "identify" or "identity" call for the title or identify of the document, location of the document, and the names, addresses and telephone numbers of the custodians of the document.

8. When used in the case of an event, transaction or occurrence, the terms "identity" or "identify" call for the identification of all natural persons or individuals involved, the dates, the transaction or event occurred and the substance of the transaction, event or occurrence.

9. If you claim any form of privilege (whether based on a statute or otherwise) as a ground for not answering an interrogatory or any portion thereof, set forth in detail each and every fact upon which the privilege is based, including sufficient facts for the Court and defendants to make a full determination whether the claim of privilege is valid.

10. With respect to any document withheld on grounds of privilege or work product immunity, provide a sworn statement identifying the document with sufficient particularity to allow the matter to be brought before the Court, including a description of the document's type (e.g. letter, memorandum, report), subject matter, number of pages, date, its authors, senders, and recipients, and names and job titles of persons to whom copies were furnished, the persons who is the custodian and that person's address and an explanation of the specific nature of and basis for each claim of privilege or work product immunity.

## INTERROGATORIES

1. State the date upon which you first presented your claim for disability retirement benefits to the Plan.

   **ANSWER**:

2. Describe the nature of the disability that is the subject of your claim in this case.

   **ANSWER**:

3. State the date upon which you sustained the disabling injury and/or condition upon which you base your claim in this case.

   **ANSWER**:

4. Identify each person who has knowledge concerning the injury and/or condition that is the subject of your claim in this case.

**ANSWER:**

5. State the date upon which you first notified or attempted to notify Motion Control or the Plan of the injury and/or condition that is the subject of your claim in this case.

**ANSWER:**

6. Identify all documents that memorialize the submission of your claim for disability retirement benefits or any efforts on your part to submit your claim to Motion Control and/or the Plan.

**ANSWER:**

7. Identify each physician or other healthcare provider who you consulted and/or from whom you received treatment or diagnostic testing relative to the injury and/or condition that is the subject of your claim in this case.

**ANSWER**:

8. Identify all other physicians and/or healthcare providers with whom you consulted and/or from whom you received treatment or diagnostic testing between January 1, 2000 and the present date.

**ANSWER**:

9. State whether you have received any compensation for employment and/or services undertaken or performed by you after January 11, 2002, and, to the extent you have received any such compensation, identify the employer/source of the compensation, the period(s) of employment or performance of services, your rate of compensation, and the nature of the employment and/or services provided by you.

**ANSWER**:

10. Please execute the Authorization for Release of Medical Information that is appended to these Interrogatories.

**ANSWER**:

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All documents evidencing, memorializing, or relating to any actions or efforts by you to submit a claim for disability or disability retirement benefits under the Plan.

**RESPONSE**:

2. All documents evidencing, memorializing, or relating to any claim or application for Social Security Disability Benefits submitted by you or on your behalf.

**RESPONSE**:

3. All medical and healthcare records evidencing, memorializing or relating to the injury and/or condition that is the subject of your claim in this case.

**RESPONSE**:

4. All other medical or healthcare records relating to any consultation, treatment or diagnostic testing provided by any physician or other healthcare provider at any time between January 1, 2000 and the present date.

**RESPONSE**:

5. All documents evidencing, memorializing or relating to the injury and/or condition that is the subject of your claim in this case.

**RESPONSE**:

6. All federal and state income tax returns filed by you or on your behalf for the years 2002, 2003, and 2004.

**RESPONSE**:

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

BY: _____
Richard A. Lanzillo
120 West Tenth Street
Erie, PA 16501-1461
(814) 459-2800

Attorneys for defendants, Motion Control Industries, Division of Carlisle Corporation, and Retirement Plan for Bargaining Unit Employees of Motion Control Industries Motion Control

# 645203

### AUTHORIZATION FOR USE/DISCLOSURE OF HEALTH INFORMATION

**Patient Name:** Glenn H. Olay
**Date/Birth:**
**Soc. Sec. No:**

I authorize _____ (hereinafter "Provider") to use and/or disclose my health information only as stated below.

1. This Authorization covers the following health information about me:

   All medical records, regardless of the date, including all emergency room records, admission records, physician notes, nurses notes, consultation notes/reports, operative reports, diagnostic studies and reports, therapy notes and reports, office notes and correspondence.

2. I authorize Provider to disclose this health information to the following person(s) or entity:

   Name:  Richard A. Lanzillo, Esquire, Knox McLaughlin Gornall & Sennett, P.C.
   Address:  120 West Tenth Street
   City/State/Zip Code:  Erie, PA  16501-1461

3. The purpose of this disclosure is: Pending litigation.

4. This Authorization expires on   Six months from date hereon
                                    (date of event)

5. I understand that I have the right to revoke this Authorization at any time. I may not revoke it to the extent that Provider has already relied upon it, or if this Authorization was signed as a condition of obtaining insurance coverage. In order to revoke this Authorization, I understand that I must revoke it in writing to Provider. I understand that Provider has forms for me to use if I wish to revoke this Authorization at any time before it expires.

6. I understand that information used or disclosed under this Authorization could potentially be re-disclosed by the person receiving the information, and may no longer be subject to the privacy protections provided to me by law.

7. I understand that Provider may not require that I sign this Authorization in order to obtain treatment.

Date: _____    Signature: _____

                                Print full name: _____

## AUTHORIZATION TO RELEASE HEALTH CARE INFORMATION

Patient's Name : Glenn H. Olay

Date of Birth :

S.S. No. :

Address :

---

I request and authorize _____ to release healthcare information of the patient named above to _____, on behalf of _____.

This request and authorization applies to:

| | | | |
|---|---|---|---|
| x | All hospital records (including nurses records and progress notes) | | |
| x | Transcribed hospital records | x | Clinician office chart notes |
| x | Medical records needed for continuity | x | Dental records |
| x | Most recent five-year history | x | Physical therapy records |
| x | Laboratory reports | x | Emergency & urgency care notes |
| x | Pathology reports | x | Billing statements |
| x | X-rays, MRI's CT Scans | x | All reports |
| x | Diagnostic imaging reports | | |
| ___ | Other: | | |

This information is being requested for the purpose of :

Please release records for the dates of:

Note on "Sensitive Materials": Sensitive materials may include, but is not limited to any health care information relating to testing/diagnosis, and/or treatment for HIV(AIDS Virus), sexually transmitted diseases, psychiatric disorders/mental health or drug and/or alcohol use. If "Sensitive Materials" has been checked, you are specifically authorized to release all health care information relating to such diagnosis, testing or treatment.

---

I have read and understand the following:

- This authorization is valid for 90 days after the date it is signed.
- A photostatic copy is as valid as an original.
- This authorization is revocable at any time.
- Although prohibited, it is possible that my PHI may be re-disclosed by the facility receiving my records, therefore, the provider has no responsibility or liability as a result of the re-disclosure, and such information would no longer be protected by the HIPAA privacy rule.

_____                    _____
Signature of patient or patient's authorized representative                    Date Signed

_____
Relationship or status if signed by anyone other than patient (patient, legal guardian, personal representative, etc.)

**THIS AUTHORIZATION IS VALID FOR 90 DAYS AFTER THE DATE IT IS SIGNED. A PHOTOSTATIC COPY IS AS VALID AS AN ORIGINAL.**
**THIS AUTHORIZATION IS REVOCABLE AT ANY TIME.**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN H. OLAY,<br><br>    Plaintiff<br><br>vs.<br><br>MOTION CONTROL INDUSTRIES,<br>DIVISION OF CARLISLE<br>CORPORATION, RETIREMENT PLAN<br>FOR BARGAINING UNIT EMPLOYEES<br>OF MOTION CONTROL INDUSTRIES,<br>DIVISION OF CARLISLE<br>CORPORATION,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-266E<br>)<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of November, 2005, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

_____
Richard A. Lanzillo

# 645203