NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2768
_____

GLENN H. OLAY,

Appellant

v.

MOTION CONTROL INDUSTRIES, Division of Carlisle Corporation;
RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION
CONTROL INDUSTRIES, Division of Carlisle Corporation

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 04-CV-00266)
District Judge:  Honorable Maurice B. Cohill, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2007

Before: SLOVITER, BARRY and WEIS, Circuit Judges

(Opinion filed December 21, 2007)
_____

OPINION
_____

PER CURIAM

Glenn H. Olay appeals from an order of the United States District Court for the

Western District of Pennsylvania, granting, in part, defendants/appellees' motion for

summary judgment.[1]  We will affirm.

Olay filed a complaint against his former employer, Motion Control Industries, Inc. (Motion Control), asserting a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.[2]  Olay sought a declaration that he was entitled to receive disability retirement benefits under the Retirement Plan for Bargaining Unit Employees of Motion Control Industries (Plan).

Olay was employed by Motion Control and worked at its Ridgeway, Pennsylvania facility until it ceased operations there on January 11, 2002.  Motion Control permanently laid off the Ridgeway facility employees but provided the employees with continued wages and benefits until March 16, 2002.  At some point thereafter, Olay applied for Social Security Disability Benefits.  The Social Security Administration, in a decision dated March 12, 2004, found that Olay was disabled beginning on January 11, 2002.  Sometime after that decision, Olay requested a disability claim form from Motion Control, but was refused.   Olay filed suit later that year.

In its motion for summary judgment, Motion Control argued, <u>inter alia</u>, that under Section 4.2(a) of the Plan, "'Disability Retirement' benefits are available only where the

---

[1] The District Court denied the defendants' motions for summary judgment to the extent that it found that the plaintiffs were excused from exhausting administrative remedies.  That holding is not an issue in this appeal.

[2] Six others also filed similar complaints against Motion Control.  The District Court entered one opinion and one order that dealt with all seven cases.  Olay is the only plaintiff to appeal.

2

Participant's 'employment . . . terminates . . . because of a Disability.'" Doc. 18, at 11.  Motion Control argued that Olay's employment terminated because of a plant closing, and not because of a disability.  In its opinion, the District Court first held that because the Plan gives the administrator discretionary authority to determine eligibility for benefits, the Court would apply an arbitrary and capricious standard.  Dist. Ct. Op. at 19, citing Gritzer v. CBS, Inc., 275 F.3d 291, 295 (3d Cir. 2002) and Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).[3]  The District Court then held that Motion Control's decision to deny benefits was not arbitrary and capricious, as it was based on a plain reading of the Plan.  Dist. Ct. Op. at 21.

We agree that Motion Control's decision was not arbitrary and capricious.  Olay's employment was not terminated because of disability; in fact, he was not determined to be disabled until about two years after he was laid off.  Thus, under the plain reading of the Plan, he was not eligible for disability retirement benefits.

For the foregoing reasons and those stated by the District Court, the judgment of the District Court will be affirmed.

---

[3] Olay conceded in the District Court that the arbitrary and capricious standard would normally apply, but urged the District Court to review the decision de novo, because there had been no administrative decision.  For the reasons stated by the District Court, we agree with the District Court's holding that there was no reason to reject the arbitrary and capricious standard in this case.